IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HENRY TURNER**, on behalf of himself and all those similarly situated who consent to representation,<br><br>Plaintiff,<br><br>v.<br><br>**BUCKHEAD BEEF COMPANY**,<br><br>Defendant. | Civil Action File No.:<br><br>**FLSA COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Henry Turner ("Turner") files this Complaint against Defendant Buckhead Beef Company ("Buckhead Beef") for unpaid overtime, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), as set forth below.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 29 U.S.C. §216(b).

2.

Venue is proper in this Court because the events giving rise to this action occurred in this district and division, and Buckhead Beef conducts business in this district and division.

## PARTIES

3.

Turner resides in Cobb County, Georgia. He worked for Buckhead Beef as a meat cutter from approximately October of 1992 until April of 1997. He worked as a meat cutter supervisor beginning in 1997 and continued in that position until June 24, 2010.

4.

Turner consents to the filing of this complaint as evidenced by his signature on the attached consent form.

5.

Turner brings his FLSA claim as a collective action on behalf for himself and on behalf of all current or former similarly situated meat cutter supervisors who consent to join this action as party plaintiffs under 29 U.S.C. §216(b).

6.

"Similarly situated" meat cutter supervisors means all persons working for Buckhead Beef who hold (or held) the position of meat cutter supervisor; who worked hours in excess of 40 hours per week; who were not paid overtime due to Buckhead Beef's classification of them as exempt; and who worked for Buckhead Beef in the United States at any time between September 3, 2007 and the present.

7.

Buckhead Beef is a corporation based in Houston, Texas which provides beef to its customers through a network of sales and distribution centers throughout the Eastern United States. Buckhead Beef has principal offices in Metropolitan Atlanta, South Plainfield, New Jersey, and Auburndale, Florida. It features daily delivery of its products to several major cities, including Atlanta, New York, Philadelphia, Boston, Miami, Ft. Lauderdale and Orlando.

8.

Buckhead Beef may be served with the summons and this complaint through its Chief Executive Officer, Ronald G. Boatwright, at 5001 Spring Valley Road, Dallas, Texas 75244.

**Failure to Pay Overtime**

9.

Buckhead Beef is an employer within the meaning of FLSA §203(d) and is not exempt under the Act.

10.

Turner and members of the class he seeks to represent are employees engaged in interstate commerce and the production of goods for commerce, expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

11.

Buckhead Beef, together with its parent company, Sysco Corporation, sister companies, sales and distribution relationships, constitute an enterprise engaged in interstate commerce or the production of goods for commerce, and have annual business dollar volume of at least $500,000.

12.

Turner worked for Buckhead Beef at 2194 Marietta Boulevard in Atlanta, Georgia.

13.

Turner's primary job duty was the cutting and trimming of meat products for

delivery to Buckhead Beef customers. Buckhead Beef included the term "supervisor" as a part of Turner's title to describe his responsibility for training other meat cutters. However, Turner's training responsibilities were manual duties and did not include the authority to hire, fire, or discipline employees.

14.

Through Turner's employment with Buckhead Beef, he devoted at least 90% of his time to performing meat cutting duties and not supervising other employees in any way.

15.

At all times relevant to this action, meat cutter supervisors, including Turner, possessed no authority to exercise independent judgment in the daily work activities they performed.

16.

Meat cutter supervisors, including Turner, did not utilize independent judgment or discretion over how the performance of their duties.

17.

Cutting meat and training others how to cut meat constituted manual labor and not an executive or administrative responsibility. As a result, meat cutter

supervisors, including Turner, are not exempt from the overtime requirements of the FLSA.

18.

Turner and all similarly situated meat cutter supervisors regularly worked more than forty (40) hours per week.

19.

From September 2, 2007 until June 24, 2010, Turner worked between at least 10 - 15 hours of overtime per week.

20.

Turner was paid a salary of $1250.00 per week, based on a 40 hour work week.

21.

Turner's hourly rate was approximately $31.25 per hour.

22.

Turner anticipates that discovery of Buckhead Beef's time records, security records, or sign in / sign out records will assist Turner in calculating a more exact estimate of his overtime hours.

23.

All meat cutter supervisors worked overtime hours without compensation.

24.

Buckhead Beef did not pay any of its meat cutter supervisors, including Turner, for the hours they worked over forty (40) hours per week.

25.

Upon information and belief, Buckhead Beef employed between 7 and 10 other similarly situated meat cutter supervisors in each of its production facilities, including Atlanta, Georgia, New Plainfield, New Jersey, and Auburndale, Florida.

26.

Upon information and belief, Buckhead Beef employed at least 30 similarly situated meat cutter supervisors between September 2, 2007 and the present.

27.

Buckhead Beef classified all of its meat cutter supervisors as exempt from overtime regardless of the location in which they worked.

28.

The FLSA required that Buckhead Beef pay Turner overtime at the rate of $46.88 per hour, which is equal to one and one half times his regular hourly rate.

29.

Based on the number of overtime hours Turner worked from September 2, 2007 to June 24, 2010, he is entitled to at least $103,360 in unpaid overtime.

30.

Turner is entitled to liquidated damages in an amount equal to his unpaid overtime.

31.

Turner anticipates that his actual unpaid overtime may be more precisely determined during discovery.

32.

The amount of unpaid overtime due to each similarly situated meat cutter supervisor may be calculated in the same manner as Turner's unpaid overtime.

**WHEREFORE**, Plaintiff prays for the following relief:

1) A trial by jury;

2) Actual damages in the amount of Plaintiff's unpaid overtime;

3) Prejudgement interest on Plaintiff's unpaid overtime;

4) An award of liquidated damages in an amount equal to Plaintiff's

unpaid overtime under the FLSA;

5) A finding that Defendant wilfully violated the FLSA so that a 3 year limitation period applies to this case;

6) An award of attorneys' fees and costs pursuant to the FLSA; and

7) All other relief that this Court deems just and proper.

Respectfully submitted this September 3, 2010.

          /s/ David F. Walbert
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

PARKS CHESIN & WALBERT, PC    Andrew Y. Coffman
75 14th Street, N.E., 26th Floor       Georgia Bar No. 173115
Atlanta, Georgia 30309-3604        acoffman@pcwlawfirm.com
Telephone: (404) 873-8000
Facsimile: (404) 873-8050

          /s/ Stephanie D. Banks

THE LAW OFFICE OF STEPHANIE    Stephanie D. Banks, Esq.
D. BANKS & COMPANY, LLC         Georgia Bar No. 036378
2930 Alcove Drive                       sdbanks@sdbankslaw.com
Scottdale, GA 30079
Telephone: (404) 296-7909
Facsimile: (404) 296-7907

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HENRY TURNER,<br><br>      Plaintiff.<br><br>v.<br><br>BUCKHEAD BEEF COMPANY,<br><br>      Defendant. | CIVIL ACTION NO.<br><br><br>FLSA COLLECTIVE ACTION |

CONSENT TO PARTICIPATE AS PLAINTIFF IN
ACTION TO SECURE RIGHTS UNDER THE
FAIR LABOR STANDARDS ACT

I, Henry Turner, am a former employee of Buckhead Beef Company, where I held the position of meat cutter supervisor. I hereby consent to participate as a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). I authorize the filing of this consent in support of my claim.

_____ (Signature)
Henry Turner