UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | **Case No.** |
| **Plaintiff,** | |
| **vs.** | |
| **LOS RANCHOS LATINOS INC. D/B/A LOS RANCHOS MEXICAN & SALVADORIAN RESTAURANT and JOHN DOES 1-5** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

## DESIGNATION: PROPERTY RIGHTS

## JURISDICTION

1.     Plaintiff seeks relief for the Defendants' violations of the Communications Act of 1934, as amended, Title 47 U.S.C. Section 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28

U.S.C. Section 1331, which states that the district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the

United States.

3.     This Court has personal jurisdiction over the parties in this action as a result

of the Defendants' wrongful acts hereinafter complained of which violated the

Plaintiff's rights as the exclusive commercial domestic distributor of the televised

fight program hereinafter set forth at length.   The Defendants' wrongful acts

consisted of the interception, publication, and tortious conversion of said property of

Plaintiff within the control of the Plaintiff in the State of Georgia.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern

District of Georgia, Atlanta Division, because a substantial part of the events or

omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.     The Plaintiff, J & J Sports Productions, Inc. is and at all relevant times mentioned was a California corporation with its principal place of business located at 981 Fremont Street, Santa Clara, California 95050.

6.     Defendant Los Ranchos Latinos Inc. is a Georgia corporation with its principal place of business located 6200 Buford Highway, Suite E1, Norcross, GA 30071 and does business as Los Ranchos Mexican & Salvadorian Restaurant operating at 6200 Buford Highway, Suite 1E, Norcross, GA 30071.  Defendant Los Ranchos Latinos Inc. is subject to the venue and jurisdiction of this court.

7.     Upon information and belief, Defendants John Doe 1-5, are also persons or entities who were either owners or managers of Los Ranchos Mexican & Salvadorian Restaurant at the time of the of the violations.  Defendants John Does 1-5 are subject to the venue and jurisdiction of this court.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

3

8.     Plaintiff had the exclusive nationwide television distribution rights to *"The Challenge": Joel Casamayor v. Juan Manuel Marquez – Ring Magazine World Lightweight Championship Fight Program* telecast which took place on September 13, 2008 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9.     Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Georgia, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10.    As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11.    Neither Defendant Los Ranchos Latinos Inc. nor Defendant John Does 1-5 contracted with the Plaintiff or paid the necessary sublicense fee required to obtain the Program for their commercial establishment. Therefore, none of the Defendants had any authorization to show the Program.

12.    Defendant Los Ranchos Latinos Inc. and Defendant John Does 1-5 unlawfully showed the Program at Los Ranchos Mexican & Salvadorian Restaurant on the night of September 13, 2008 with full knowledge that the Program was not to be intercepted, received and exhibited by them because they did not have authorization.

13.    The unauthorized interception, publication, exhibition and divulgence of the Program was done willfully since Defendant Los Ranchos Latinos Inc. and Defendant John Does 1-5 used a deliberate act to receive the Event which was unauthorized and it was done for purposes of commercial advantage and private financial gain.

14.    Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the

distribution rights thereto) and prohibits individuals from assisting in the unauthorized publication or use of such communications.

15. By reason of the aforesaid mentioned conduct, the Defendant Los Ranchos Latinos Inc. and Defendant John Does 1-5, each violated Title 47 U.S.C. Section 605, *et seq.* since none of those parties was ever authorized to show the Program at Los Ranchos Mexican & Salvadorian Restaurant.

16. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff has a private right of action.

17. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605 Plaintiff is entitled to the following from Defendants:

(a) Statutory damages for each willful violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Enhanced damages for willfulness pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii) in an amount up to $100,000.00, and also

(c) Recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

18.     Title 47 U.S.C. Section 553 *et seq.* prohibits the unauthorized interception, exhibition, publication, and divulgence of any communications service offered over a cable system.

19.     As previously stated, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide television distribution rights to the Program which took place on September 13, 2008. The Program was only allowed to be exhibited in those commercial establishments which entered into a sublicensing agreement with Plaintiff and paid the required fee.

20.     Defendant Los Ranchos Latinos Inc. and Defendant John Does 1-5 all run, manage and exercise control over Los Ranchos Mexican & Salvadorian Restaurant.

7

21.     Plaintiff has no record of Defendant Los Ranchos Latinos Inc. or Defendant John Does 1-5 ever entering into a sublicensing agreement with Plaintiff J & J Sports Productions, Inc. or paying the required fee for the Program to be shown at Los Ranchos Mexican & Salvadorian Restaurant on September 13, 2008.

22.     Defendant Los Ranchos Latinos Inc. and Defendant John Does 1-5 used unlawful means to receive the cable signal required to exhibit the Program.

23.     Because none of the Defendants were given authorization to show the Program at Los Ranchos Mexican & Salvadorian Restaurant on September 13, 2008, the aforementioned defendants violated Title 47 U.S.C. Section 553, *et seq.*

24.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff has a private right of action.

25.     As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from defendants:

(a)     Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

8

(b)     Increased damages for willfulness in an amount up to $50,000.00 pursuant Title 47 U.S.C. 553 (c)(3)(B), and also

(c)     the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

(d)     in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.      For statutory damages in the amount of $10,000.00 against Defendants, and;

2.      Enhanced damages up to $100,000.00 against Defendants, and;

3.      For reasonable attorneys' fees pursuant to statute, and;

4.      For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5.      For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.   For statutory damages in the amount of $10,000.00 against Defendants, and;

2.   Enhanced damages up to $50,000.00 against Defendants and;

3.   For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

4.   For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

5.   For such other and further relief as this Honorable Court may deem just and proper.

This the 7th day of September, 2010.

Respectfully submitted,

**RAGSDALE, BEALS, SEIGLER,
PATTERSON & GRAY, LLP**

By:   s/ Ronald D. Reemsnyder
Ronald D. Reemsnyder, Esquire
Georgia Bar No. 597950
Edgar S. Mangiafico, Jr., Esquire
Georgia Bar No. 468775

Attorneys for Plaintiff
J & J Sports Productions, Inc.

6470 Georgia Highway 400
Building C, Suite 100
Cumming, GA 30028
Ph: (770) 292-9860
Fax:(770) 292-9861
Email: rreemsnyder@rbspg.com
         edgar@rbspg.com

11